[No. 3771.]

Ross v. Newsom.

JUDGMENT—*Record as Evidence.* The record of the decree offered as evidence of title is not admissible unless accompanied by the judgment roll.

But it is not to be declared void upon collateral attack unless it shows affirmatively an absence of jurisdiction.

*Appeal from Washington District Court.* Hon. H. P. Burke, Judge.

Mr. R. H. Gilmore, for appellant.

Mr. John F. Mail, for appellee.

Hurlbut, J., rendered the opinion of the court.

This is an action to quiet title, instituted June 8, 1909, in which plaintiff (appellee) recovered judgment. Complaint is in usual form, to which defendant filed an answer, setting up seven defenses. The answer was met by general replication. The first defense pleads a general denial; the second, title by virtue of a tax deed recorded February 21, 1901; the third, a decree of the county court of Washington County, rendered July 2, 1902; the fourth, the five years equity statute of limitations; the fifth, the short statute of limitations, sec. 3904, Mills' Annotated Statutes; the sixth, the seven years statute of limitations based upon color of title taken in good faith and payment for seven successive years of all taxes legally assessed; the seventh, laches of plaintiff in bringing the action.

Our supreme court as well as this court have repeatedly considered and determined questions of law like those here presented, and in each instance have decided the same against the contentions here urged by appellant. No good purpose can be accomplished by reviewing those decisions.

Appellant complains that the decree in this case declared void the county court decree which was offered in evidence as an adjudication of the subject matter in issue and as an estoppel, but which was ruled out for the reason that it was not accompanied by the judgment roll. The district court was right in excluding the decree, but erred in declaring it to be void. Judge King, in *Empire R. & C. Co. v. Coleman,* 23 Colo. App., 351, 129 Pac., 522, has clearly reasoned and determined the proper action of the district court under circumstances similar to those existing here, and holds that it should not declare a county court decree void on collateral attack when the same does not affirmatively show on its face want of jurisdiction in the court; it being also held that the district court may

reject it as evidence (if not supplemented by the judgment roll) as being inadmissible to establish title in the party relying thereon.

The judgment should be modified respecting the county court decree, in harmony with the views above expressed, and as modified the judgment will be affirmed.

*Judgment Affirmed.*